■ GLORIA MATCH, Respondent, v ROBERT MATCH, Appellant.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered March 27, 1990, which directed defendant's counsel to produce his time records, is unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs, and referred back to the Trial Justice to fix a reasonable fee for plaintiff's counsel.

Since there has been a full evidentiary hearing before a Special Referee on the issue of counsel's fee, and upon an evaluation of the entire record, including the previous record before this court, we find that there is ample evidence upon which the trial court can establish a reasonable counsel fee.

Based upon the record herein, and the Special Referee's finding that plaintiff's attorney's records, relative to time expended, were "deplorable", we find it to be an abuse of discretion to shift the burden of proving plaintiff's counsel's fee to the defendant's counsel, by utilizing defendant's counsel's time records to assist in determining the reasonableness of the plaintiff's counsel's request for attorney's fees. This does not mean, however, that recourse to an opposing attorney's time sheets may not be proper in an appropriate case. Concur —Murphy, P. J., Kupferman and Ross, JJ.

Ellerin, J., concurs in a separate memorandum as follows: I concur in the reversal because I believe that the record here provides the trial court with an ample basis for determining the amount of counsel fees that will fairly and reasonably compensate plaintiff's attorney for the extensive work done in the case without any need for reference to defendant's counsel's time sheets. This does not mean, however, that recourse to an opposing matrimonial attorney's time sheets would not be proper in an appropriate case—as for example, where the more affluent spouse takes issue with the reasonableness of the time spent on the matter by the opposing spouse's attorney. *[See,* 146 Misc 2d 986.]